UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LANDRY'S, INC., et al., <br><br> Plaintiffs, <br> v. <br> BRIAN SANDOVAL, et al., <br><br> Defendants. | Case No. 2:15-cv-01160-GMN-PAL <br><br> **ORDER** <br><br> (Mot. to Intervene – Dkt. #16) |

This matter is before the Court on Proposed Intervenor-Defendant AFL-CIO's Motion to Intervene or to Participate as Amicus Curie (Dkt. #16). This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-9 of the Local Rules of Practice. After the Motion was filed, Plaintiffs filed an Amended Complaint (Dkt. #17), which prompted the AFL-CIO to file a Supplemental Memorandum (Dkt. #20) in support of the Motion. The Court has considered the Motion, Supplemental Memorandum (Dkt. #20), Plaintiffs' Response (Dkt. #28), Reply (Dkt. #33), and the Supplemental Declarations of Danny Thompson (Dkt. ##34, 35).

## **BACKGROUND**

On June 19, 2015, Plaintiffs Landry's Inc.; Bubba Gump Shrimp Co. Restaurants, Inc.; and Nevada Restaurant Services, Inc., doing business as Dotty's Gaming and Spirits, Laughlin River Lodge, and Hoover Dam Lodge (jointly, "Plaintiffs") commenced this case by filing a Complaint (Dkt. #1). Plaintiffs are challenging Nevada's Minimum Wage Amendment, as set forth in Article 15, Section 16 of the Nevada Constitution (the "Amendment"), along with the implementing regulations found in Chapter 608 of the Nevada Administrative Code, NAC 608.100 – 608.108 (the "Regulations"). *See* Am. Compl. (Dkt. #17).

In 2004, Nevada voters approved a ballot initiative that sought to amend the state constitution to include a two-tiered minimum wage that deviates from the federal minimum wage

based on cost of living increases. *Id.* ¶ 17. Subject to certain conditions, employers would pay the lower tier minimum wage if they offered "health benefits" to their employees or pay the higher tier minimum wage if they did not offer health benefits. However, the term "health benefits" was not defined in the initiative. *Id.* ¶ 21. In accordance with Nevada law requiring voters to approve a proposed constitutional amendment in two consecutive general elections, the initiative was placed on the 2006 ballot and voters once again approved and ratified the proposal. *Id.* ¶ 19. The ballot initiative was eventually codified as the Amendment and became effective on November 28, 2006. *Id.* ¶ 20. *See also* Nev. Const. art. 15, § 16.

In the current action, Plaintiffs allege the Amendment and Regulations are unconstitutional, violate their due process rights, and are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* Am. Compl. (Dkt. #17). Plaintiffs further allege that Defendants lack authority under the Amendment to promulgate or enforce the Regulations. The Amended Complaint seeks a declaratory judgment that: (I) ERISA preempts the Amendment and Regulations; (II) the Amendment and Regulations violate the Commerce Clause of the United States Constitution; (III) the Governor's delegation of authority to promulgate and enforce the Regulations and Amendment violates the United States and Nevada Constitutions; (IV) the Regulations are unconstitutional because they exceed the Labor Commissioner and the Insurance Commissioner's authority; (V) the Amendment and Regulations violate due process protected by the Fifth and Fourteenth Amendments to the United States and Nevada Constitution.

In the Motion, the AFL-CIO claims an interest in this action and requests permission to intervene to protect its interest. *See* Mot. to Intervene (Dkt. #16), filed July 8, 2015. The Motion attaches a proposed motion to dismiss Plaintiffs' Complaint. *See* Mot. Exs. 1 & 2 (Dkt. #16-1). Plaintiffs subsequently filed an Amended Complaint (Dkt. #17), which prompted the AFL-CIO to file a Supplemental Memorandum (Dkt. #20) attaching a revised version of its proposed motion to dismiss. *See* Supplemental Memo. Ex. A (Dkt. #20-1). The Motion asserts that the AFL-CIO has a significant protectable interest at stake for two reasons: (1) the union actively supported the minimum wage Amendment's enactment; and (2) the Amendment has helped increase the

/ / /

2

compensation of the AFL-CIO's members and "level the playing field" between non-union employers and unionized employers.

Plaintiffs oppose the AFL-CIO's intervention, arguing that the union does not have an interest here because most—if not all—unionized employers provide health benefits meeting the standard set forth by the Amendment. *See* Pls.' Response (Dkt. #28) at 9. However, Plaintiffs do not dispute the AFL-CIO's involvement with the ballot initiative approving the Amendment. Ninth Circuit case law demonstrates that, at a minimum, the AFL-CIO has a protectable interest based on its support of the Amendment.

Defendants Nevada Governor, Brian Sandoval, the Nevada Labor Commissioner, Shannon Chambers, and the acting Nevada Insurance Commissioner, Amy L. Parks, did not oppose the AFL-CIO's Motion and the time for filing an opposition has now passed. Defendants have moved to dismiss the Amended Complaint under Rule 12(b)(6) of the of the Federal Rules of Civil Procedure. *See* Mots. to Dismiss (Dkt. #25, #27). Governor Sandoval and Labor Commissioner Chambers argue the amended complaint raises an abstract question of law, is barred by the Eleventh Amendment, and Plaintiffs cannot show an injury in fact traceable to the Defendants. They also argue the complaint is barred by the Eleventh Amendment, that Governor Sandoval and Commissioner Parks are not proper parties, the principle of legislative immunity bars this action, the statute of limitations bars this action, and Plaintiffs have failed to state a cognizable civil rights claim under 42 U.S.C. § 1983.

## **DISCUSSION**

Rule 24 of the Federal Rules of Civil Procedure permits anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. Pro. 24(a)(2). A party seeking to intervene as of right under Rule 24 must demonstrate that four requirements are met:

> (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede

3

the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest.

*Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (quoting *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006)).  An applicant for intervention bears the burden of showing that all four requirements are met.  *PEST Comm. v. Miller*, 648 F. Supp. 2d 1202, 1211 (D. Nev. 2009), *aff'd*, 626 F.3d 1097 (9th Cir. 2010).

Additionally, Rule 24(c) requires that a proposed intervenor file and serve a motion to intervene along with "a pleading that sets out the claim or defense for which intervention is sought."  A pleading accompanying a motion to intervene under Rule 24(c) should be one of those described in Rule 7(a) (*i.e.* a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third-party complaint, or a third-party answer) so that all parties understand the position, claims, and nature of relief sought by the applicant.  John Bourdeau & Francis M. Dougherty et al., 25 *Federal Procedure, Lawyers Edition* § 59:404 (2016).

Rule 24(c)'s requirement of submitting a pleading is mandatory.  *Shevlin v. Schewe*, 809 F.2d 447, 450 (7th Cir. 1987) ("Lawsuits cannot be tried merely on memoranda."); *see also Brown v. Colegio de Abogados de Puerto Rico*, 277 F.R.D. 73, 76 (D.P.R. 2011); *F.T.C. v. Med Resorts Int'l, Inc.*, 199 F.R.D. 601, 606 (N.D. Ill. 2001).  "The purpose of requiring an intervenor to file a pleading is to place the other parties on notice of the claimant's position, the nature and basis of the claim asserted, and the relief sought by the intervenor."  *Dillard v. City of Foley*, 166 F.R.D. 503, 506 (M.D. Ala. 1996).  Courts have occasionally relaxed the requirement to submit a proposed pleading where the purpose of intervention and the claims and defenses the intervenor intends to pursue are made clear in the motion to intervene.  *See, e.g.*, *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992) (noting that intervention motions have been approved without a pleading where the motion sufficiently apprised the court of the grounds for intervention).  "This is not to say that the requirements of Rule 24(c) should be disregarded, but only that a deserving applicant for intervention is not likely to be turned away because of a procedural blunder of no real significance."  Charles Alan Wright & Arthur R. Miller et al., 7C *Federal Practice & Procedure* § 1914 (3d ed. 2015).  In some cases, the proposed intervenor has been permitted to

///

simply adopt the pleading of an existing party, without submitting its own pleading. *See, e.g., Alexander v. Hall*, 64 F.R.D. 152, 156 (D.S.C. 1974).

Here, the AFL-CIO submitted a proposed motion to dismiss with the Motion to Intervene, but not a pleading within the definition of Rule 7(a). Thus, the AFL-CIO has failed to satisfy the mandatory pleading requirement of Rule 24(c). Although this requirement is sometimes relaxed, the Court finds that the lack of a pleading is significant because it is not clear which positions of the parties are consistent with and which positions are inconsistent with the AFL-CIO's interests.

For example, the AFL-CIO argues that Defendants will not adequately represent its interests even though both Defendants and the union would defend the propriety of the Amendment. However, the AFL-CIO agrees with the Plaintiffs that the Labor Commissioner has exceeded her authority by promulgating the Regulations at issue. *See* Pls.' Resp. (Dkt. #28), Ex. 4, Aug. 22, 2014 Letter from AFL-CIO counsel. Thus, the AFL-CIO's intervention would not support Defendants' position on the Regulations, only the Amendment.

Plaintiffs initiated this action to have both the Amendment and the Regulations struck down. Plaintiffs' opposition to the Motion asserts that *they* will "vigorously represent" the AFL-CIO's interests by seeking a declaration that the Regulations are "unconstitutional and void *ab initio*." *Id.* at 21:6–9. The Ninth Circuit has held that the " 'most important factor' in assessing the adequacy of representation is 'how the interest compares with the interests of existing parties'." *Citizens for Balanced Use*, 647 F.3d at 898 (quoting *Arakaki*, 324 F.3d at 1086). The briefing indicates that the AFL-CIO's interests would align with Plaintiffs for some issues and with Defendants on other issues. A complaint in intervention is needed to state the purposes for which the AFL-CIO is intervening, and with whom its interests are aligned on the issues raised in the Amended Complaint.

Additionally, if the Defendants' pending motions to dismiss the Amended Complaint are granted, Plaintiffs are likely to receive leave to amend any deficiencies found by the district judge since Defendants do not assert amendment would be futile. The district judge's decision should clarify which Defendants are properly named and whether certain of the Defendants should be dismissed or substituted. Finally, the court will deny the request to participate as amicus curie.

The district judge should not be burdened with a multitude of supplemental papers filed by the AFL-CIO as a result of the changing procedural posture of this case.

Accordingly,

**IT IS ORDERED:**

1. AFL-CIO's Motion to Intervene (Dkt. #16) is DENIED without prejudice. A proposed complaint in intervention shall be attached to any future motion to intervene.
2. The request to appear as amicus curie is DENIED.

Dated this 28th day of March, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE