UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LANDRY'S, INC., *et al.*, ) <br> ) <br> Plaintiffs, ) <br> vs. ) <br> ) <br> BRIAN SANDOVAL, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:15-cv-1160-GMN-PAL <br><br> **ORDER** |

Pending before the Court are two Motions to Dismiss, one filed by Defendants Governor Brian Sandoval ("Sandoval") and Labor Commissioner Shannon Chambers ("Chambers") and the other filed by Defendant Acting Insurance Commissioner Amy L. Parks ("Parks")[1] (collectively, "Defendants"). (ECF Nos. 25, 27).  Plaintiffs Landry's, Inc.; Bubba Gump Restaurants, Inc.; Claim Jumper Acquisition Company, LLC; Nevada Restaurant Services, Inc. d/b/a Dotty's Gaming and Spirits; Nevada Restaurant Services, Inc. d/b/a Laughlin River Lodge; and Nevada Restaurant Services, Inc. d/b/a Hoover Dam Lodge (collectively, "Plaintiffs") filed an Opposition to both Motions to Dismiss (ECF No. 38), and Defendants each filed a Reply (ECF No. 39, 40).

**I.     BACKGROUND**

This case arises as a challenge to the Nevada Minimum Wage Amendment, Article 15, Section 16 of the Nevada Constitution ("Minimum Wage Amendment" or "Amendment") and its related Regulations, Nevada Administrative Code Chapter 608.100–108 (the "Regulations"). (First Am. Compl. ("FAC") ¶ 1, ECF No. 17).  The Minimum Wage Amendment was a ballot initiative enacted after voter approval in two general elections, 2004 and 2006. (*Id.* ¶ 17–20).

---

[1] Parks' Motion to Dismiss also joined and concurred with Sandoval and Chambers' Motion to Dismiss.

Plaintiffs' FAC focuses on the following language from the Minimum Wage Amendment:

> The rate shall be five dollars and fifteen cents ($5.15) per hour worked, if the employer provides health benefits as described herein, or six dollars and fifteen cents ($6.15) per hour if the employer does not provide such benefits. Offering health benefits within the meaning of this section shall consist of making health insurance available to the employee for the employee and the employee's dependents at a total cost to the employee for premiums of not more than 10 percent of the employee's gross taxable income from the employer.

NEV. CONST. art. 15, § 16(A). From this Amendment, Plaintiffs allege that "Nevada's Labor Commissioner began issuing regulations . . . found in NAC 608.100 through 608.108." (FAC ¶ 25). These Regulations include further specification regarding the health benefits that qualify under the Nevada Wage Amendment. (*Id.* ¶ 26–27). Plaintiffs also allege that the Labor Commissioner enforces the Amendment while relying on the "Nevada Division of Insurance to determine whether an insurance plan qualifies as an actual health insurance plan under . . . the Minimum Wage Amendment." (*Id.* ¶ 28).

On June 19, 2015, Plaintiffs filed their complaint in this Court, which they amended as a matter of course on July 15, 2015. (ECF Nos. 1, 17). Plaintiffs' FAC alleged five causes of action: (1) Declaration that ERISA Preempts the Amendment and Regulations; (2) Declaration that the Amendment and Regulations Violate the U.S. Constitution's Commerce Clause; (3) Declaration that the Governor's Delegation of Authority to Promulgate the Regulations and Enforce the Regulations and Amendment Violates the United States and Nevada Constitutions; (4) Declaration that the Regulations are Unconstitutional because they Exceed the Labor Commissioner's and the Insurance Commissioner's Authority; and (5) Declaration that the Amendment and Regulations Violate Due Process Protected by the Fifth and Fourteenth Amendments to the U.S. Constitution and Nevada Constitution. (FAC ¶¶ 31–71, ECF No. 17). On July 30, 2015, and August 7, 2015, Defendants brought their respective Motions to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF Nos. 25, 27).

## II. LEGAL STANDARD

### A. 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits motions to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  When subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "[t]he party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists").  Accordingly, the court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A motion to dismiss under Rule 12(b)(1) may be construed in one of two ways. *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elec. Corp.,* 594 F.2d 730, 733 (9th Cir. 1979).  It may be described as 'facial,' meaning that it attacks the sufficiency of the allegations to support subject matter jurisdiction. *Id.*  Alternatively, it may be described as 'factual,' meaning that it "attack[s] the existence of subject matter jurisdiction in fact." *Id.*

When, as here, a court considers a 'facial' attack made pursuant to Rule 12(b)(1), it must consider the allegations of the complaint to be true and construe them in the light most favorable to the plaintiff. *Love v. United States,* 915 F.2d 1242, 1245 (9th Cir. 1989).

### B. 12(b)(6)

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *E.g.*, *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1123–24 (9th Cir. 2002). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.     DISCUSSION

Defendants argue, *inter alia*, that Plaintiffs "lack standing because the complaint fails to allege an injury in fact." (Sandoval & Chambers Mot. to Dismiss 7:27, ECF No. 25).  The Court agrees.

"[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  As such, to survive a motion to dismiss, plaintiffs bear the burden of alleging sufficient facts to show the existence of each of three elements. *Id.*

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.  Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.  Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id.* at 560–61 (internal quotation marks and citations omitted).  When analyzing a motion to dismiss for lack of standing, courts must accept the allegations in the complaint as true and construe the complaint in favor of the complaining party. *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011).  Indeed, at the pleading stage, "general factual allegations of injury resulting from the defendant's conduct may suffice," because on a motion to dismiss, courts "presume that general allegations embrace those specific facts that are necessary to support the claim." *Id.* (citing *Lujan*, 504 U.S. at 561).  While the Ninth Circuit in *Maya* differentiated between the standard for dismissal due to standing compared with a 12(b)(6) dismissal under the standards of *Twombly* and *Iqbal*, the Court nonetheless clarified: "This is not to say that [a] plaintiff may rely on a bare legal conclusion to assert injury-in-fact." *Id.*

To qualify as an injury-in-fact, an alleged harm must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560–61. Plaintiffs' FAC lacks any such specified harm. Plaintiffs indicate that they were "sued for alleged violations" connected to the Minimum Wage Amendment. (FAC ¶ 11, ECF No. 17). Plaintiffs do not allege that any of these suits have reached a judgment against them, as the cases still appear to be pending in the courts. Plaintiffs further allege that "[a]s recently as April 2015, the Labor Commissioner has enforced the Minimum Wage Amendment and Regulations in a manner that violates federal and Nevada law." (*Id.* ¶ 13).

First, the lawsuits against Plaintiffs have not yet produced any judgment against them. Plaintiffs cite *Babbitt v. United Farm Workers Nat'l Union*, for the proposition that harm is imminent if there is a "realistic danger of sustaining a direct injury," and that parties need not "await the consummation of threatened injury to obtain preventative relief." 442 U.S. 289, 298 (1979). However, in *Babbitt*, the Court also explained the sufficiency of that injury as "certainly impending." *Id.* *Babbitt* centered upon a "credible threat of prosecution" under a criminal statute. *Id.* at 298–99. Here, Plaintiffs have not alleged any facts to indicate that their injury is "certainly impending." Perhaps they will prevail in their current lawsuits regarding the generally alleged violations. Further, regarding the Labor Commissioner's enforcement against Plaintiff, this conclusory allegation in their FAC also fails to provide more than a "bare legal conclusion." *See Maya*, 658 F.3d at 1068. Accordingly, Plaintiffs do not allege sufficient facts to show the existence of injury-in-fact here, and the Court must grant Defendants' Motions to Dismiss.

Federal Rule of Civil Procedure 15 instructs courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, the Court will dismiss without prejudice with leave to amend. Plaintiff shall file its second amended complaint by

Wednesday, April 13, 2016.  Failure to file a second amended complaint by this date shall result in the Court dismissing Plaintiffs' claims with prejudice and closing the case.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss (ECF Nos. 25, 27) are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs shall have until April 13, 2016, to file a second amended complaint that demonstrates Plaintiffs' standing to sue.

**DATED** this __31__ day of March, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court